Anthony M. Rainone, Esq.
Jay Sabin, Esq.
Arnold G. Sooklall, Esq.
**BRACH EICHLER LLC**
Phone: (973) 228-5700
Fax:  (973) 618-5944
*Attorneys for Defendant Chanel Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COURTNEY PORETSKIN,<br><br>    *Plaintiff,*<br><br>v.<br><br>CHANEL INC., CARL POULTER, LISA GASPERINI, AND JOHN DOES ONE JOHN DOES ONE THROUGH TEN,<br><br>    *Defendants.* | **Civil Action No.:**<br><br>**NOTICE OF REMOVAL** |

**TO THE CHIEF JUDGE AND JUDGES OF**
**THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Chanel Inc., ("Chanel") hereby removes this action, which has been pending in the Superior Court of New Jersey, County of Middlesex, as Docket No.: MID-L-5639-23 (the "Complaint"), to the United States District Court for the District of New Jersey, together with all process, pleadings and orders, as required by 28 U.S.C. § 1446(a), a copy of which is annexed hereto as **Exhibits 1-2** and made a part hereof.  Defendant files this Notice of Removal under full reservation and preservation of all claims and defenses.

In support of this Notice of Removal, Defendant states as follows:

BE:13548427.1/CHA393-283003

### A.    Background

1.      Plaintiff Courtney Poretskin ("Plaintiff") commenced this action in the Superior Court of New Jersey, Law Division, by way of Complaint filed on October 5, 2023.  *See* **Exhibit 1** attached hereto.

2.      Plaintiff then filed an Amended Complaint on November 16, 2023. *See* **Exhibit 2** attached hereto.

3.      Plaintiff's Complaint seeks back pay, front pay, benefits, compensatory damages, consequential damages, and punitive damages.  *See* **Exhibit 2**.

4.      By e-mail dated November 20, 2023, the Amended Complaint was served upon Chanel.  *See* **Exhibit 3**.

5.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(a) in that it is being filed within thirty (30) days of the first date on which Defendant received, through service or otherwise, a copy of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

6.      This Court possess original jurisdiction over the Complaint in this action pursuant to 29 U.S.C § 1446(c), as there exists complete diversity of citizenship between Plaintiff and Chanel and the amount in controversy exceeds the monetary threshold.

### B.    Citizenship

7.      Plaintiff alleges she is a citizen of the State of New Jersey. *See* **Exhibit 2**.

8.      Therefore, for purposes of this removal application, Plaintiff is deemed to be a citizen of the State of New Jersey.

- 2 -

9.     Corporations are deemed to be citizens of both the states where they have their principal places of business and the states in which they are incorporated.  *See* 28 U.S.C. § 1332(c)(1); *see also* Americold Realty Tr. V. Conagra Foods, Inc., 136 S. Ct. 1012, 1015 (2016) (holding that a corporation is "considered a citizen of its State of Incorporation" and "a citizen of the State where it has its principal place of business.").

10.     Chanel is a corporation organized and existing under the laws of the State of New York with a principal place of business in New York.

11.     The forum defendant rule only applies to Defendants who have been properly joined and served. Encompass Ins. Co. v. Stone Mansion Rest. Inc., 903 F.3d 147, 152 (3d Cir. 2018).

12.     In this matter, only Chanel has been served, no other defendants have been served. *See* **Exhibit 4**.

13.     Therefore, for purposes of this application only the citizenships of Plaintiff and Chanel are taken into account.

14.     Therefore, the diversity of citizenship requirement is satisfied pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of the Sates of New Jersey and Chanel is a citizen of the State of New York.

## C.     Damages

15.     The Complaint seeks compensatory damages, including back and front pay, punitive damages, and consequential damages.  *See* Complaint, *generally*.

16.     All of the items of damage must be considered by this Court to determine the amount in controversy.  *See* Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943); *see also* Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007).

- 3 -

17.     Compensatory damages, and punitive damages alleged by Plaintiff will likely result in either Plaintiff seeking over $75,000.00.  *See* Raspa v. Home Depot, 533 F. Supp. 2d 514, 522 (D.N.J. 2007).

18.     Indeed, Plaintiff can collect up to five times the compensatory damages or $350,000 in punitive damages, whichever is greater.  N.J.S.A. 2A:15-5.14.

19.     While Plaintiff has not asserted a claim for attorneys' fees in the Complaint, Plaintiff has asserted a claim under the New Jersey Law Against Discrimination which has a fee-shifting provision. N.J.S.A. 10:5-27.1

20.     Therefore, attorneys' fees and costs are also to be included in the calculation of damages. *See* Bell, 320 U.S. at 240.

21.     The attorneys' fees alone in this matter can exceed six figures.  *See* Raspa, 533 F. Supp. 2d at 522.

22.     The punitive damages or attorneys' fees alone can set Plaintiff well above the monetary threshold.

23.     It does not appear, to a legal certainty, that Plaintiff cannot recover over $75,000.00 and, therefore, removal is appropriate.  Id.

24.     Thus, the matter in controversy is at least $75,000.00, exclusive of interests and costs, and is between citizens of different states within the meaning of 28 U.S.C. § 1332(a)(1).

25.     Therefore, this Court possesses jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) and removal of this action is proper pursuant to 28 U.S.C. § 1441.

**D.     Venue**

26.     Venue is proper in this Court pursuant to 29 U.S.C. § 1441(a) because the Complaint is pending in the Superior Court of New Jersey, Middlesex County.

- 4 -

### E.      **Miscellaneous**

27.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served upon counsel for Plaintiff and filed with the Clerk of the Superior Court of New Jersey, Essex County, promptly after the filing of this Notice of Removal.

28.      Simultaneously with the filing of this Notice of Removal, Defendant is applying to the Clerk of the United States District Court, District of New Jersey for an extension of time to respond to the Complaint for an additional fourteen (14) days pursuant to Local Civil Rule 6.1(b), which would extend the date on which Defendant must file a responsive pleading from December 11, 2023 (twenty-one (21) days from receipt of the Complaint pursuant to Rule 81(c)) to December 26, 2023.

29.      Defendant reserves the right to assert all claims and defenses.

Dated:  November 22, 2023                          */s/Anthony M. Rainone*
                                                                    Anthony M. Rainone, Esq.
                                                                    **BRACH EICHLER LLC**
                                                                    101 Eisenhower Parkway
                                                                    Roseland, New Jersey 07068
                                                                    Phone: (973) 228-5700
                                                                    Fax:  (973) 618-5944
                                                                    arainone@bracheichler.com
                                                                    *Attorneys For Defendant*

- 5 -

BE:13548427.1/CHA393-283003

## CERTIFICATION OF SERVICE

I hereby certify that on the date set forth below, a true copy of the within Notice of Removal, with Exhibits, and the accompanying Civil Cover Sheet, were filed and served: (a) via ECF filing to the Clerk's Office, U.S. District Court, District of New Jersey, and (b) via first class mail and email to counsel for Plaintiff Courtney Poretskin., Mark Mulick, Esq., Law Offices of Mark Mulick, Esq. P.A., 1011 Bloomfield Avenue, West Caldwell, New Jersey 07006, mulicklaw@yahoo.com.

Dated:  November 22, 2023

/s/Anthony M. Rainone
Anthony M. Rainone, Esq.
**BRACH EICHLER LLC**
101 Eisenhower Parkway
Roseland, New Jersey 07068
Phone: (973) 228-5700
Fax:  (973) 618-5944
arainone@bracheichler.com
*Attorneys For Defendant Chanel Inc.*

- 6 -